UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

LATONYA PYATT,

            Plaintiff,

v.

                                   Case No. 8:18-cv-03635-PWG

SANTANDER CONSUMER USA INC,
NCB MANAGEMENT SERVICES, INC.
ENHANCED RECOVERY COMPANY,
AARON RENTS, INC., EQUIFAX
INFORMATION SERVICES, LLC,
TRANS UNION LLC, AND EXPERIAN
INFORMATION SOLUTIONS, INC.

            Defendants.
_____/

## NCB MANAGEMENT SERVICES, INC.'S ANSWERS AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, NCB Management Services, Inc. ("NCB"), through counsel and pursuant to the Federal Rules of Civil Procedure hereby responds to the Complaint filed by the plaintiff, Latonya Pyatt, and states as follows:

### PRELIMINARY STATEMENT

1. NCB admits that plaintiff purports to assert claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann. § 13-101, *et seq.*, but denies NCB committed any violations of said statutes or that plaintiff is entitled to any relief pursuant thereto.

### PARTIES TO THE ACTION

2. NCB denies the allegations in ¶ 2 for lack of knowledge or information sufficient to form a belief therein.

1

3. NCB denies the allegations in ¶ 3 for lack of knowledge or information sufficient to form a belief therein.

4. NCB admits the allegations in ¶ 4.

5. NCB denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief therein.

6. NCB denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein.

7. There are no allegations in a paragraph numbered ¶ 7.

8. There are no allegations in a paragraph numbered ¶ 8.

9. There are no allegations in a paragraph numbered ¶ 9.

10. NCB denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

11. NCB denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

12. NCB denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

## FACTUAL ALLEGATIONS

13. NCB denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief therein.

14. NCB denies the allegations in ¶ 14 for lack of knowledge or information sufficient to form a belief therein.

15. NCB denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein.

16. NCB denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief therein.

17. NCB denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein.

18. NCB denies the allegations in ¶ 18.

19. NCB denies the allegations in ¶ 19 as written.

20. NCB denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a belief therein.

21. NCB denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

## COUNT ONE: ALLEGED VIOLATIONS OF THE FDCPA

22. NCB incorporates its responses to the foregoing paragraphs as if fully restated and set forth herein.

23. NCB denies the allegations in ¶ 23 for lack of knowledge or information sufficient to form a belief therein.

24. NCB denies the allegations in ¶ 24 including subparagraphs (a) through (c).

25. NCB denies the allegations in ¶ 25.

26. NCB denies the allegations in ¶ 26.

## COUNT TWO: ALLEGED VIOLATIONS OF THE FCRA

27. NCB incorporates its responses to the foregoing paragraphs as if fully restated and set forth herein.

28. NCB denies the allegations in ¶ 28 as written.

29. NCB denies the allegations in ¶ 29 for lack of knowledge or information sufficient to form a belief therein.

30. NCB denies the allegations in ¶ 30 for lack of knowledge or information sufficient to form a belief therein.

31. NCB denies the allegations in ¶ 31 for lack of knowledge or information sufficient to form a belief therein.

32. NCB denies the allegations in ¶ 32 for lack of knowledge or information sufficient to form a belief therein.

33. NCB denies the allegations in ¶ 33 for lack of knowledge or information sufficient to form a belief therein.

34. NCB denies the allegations in ¶ 34 for lack of knowledge or information sufficient to form a belief therein.

35. NCB denies the allegations in ¶ 35 for lack of knowledge or information sufficient to form a belief therein.

36. NCB denies the allegations in ¶ 36 for lack of knowledge or information sufficient to form a belief therein.

37. NCB denies the allegations in ¶ 37 for lack of knowledge or information sufficient to form a belief therein.

38. NCB denies the allegations in ¶ 38 for lack of knowledge or information sufficient to form a belief therein.

39. NCB denies the allegations in ¶ 39 for lack of knowledge or information sufficient to form a belief therein.

40. NCB denies the allegations in ¶ 40 for lack of knowledge or information sufficient to form a belief therein.

41. NCB denies the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief therein.

42. NCB denies the allegations in ¶ 42 for lack of knowledge or information sufficient to form a belief therein.

43. NCB denies the allegations in ¶ 43 for lack of knowledge or information sufficient to form a belief therein.

44. NCB denies the allegations in ¶ 44 for lack of knowledge or information sufficient to form a belief therein.

### 15 U.S.C. § 1698 1s-2(b)(1)(A)&(B)

41. (The Complaint numbering restarts at ¶ 41 and NCB has retained the numbering in the Complaint for the Court's ease of reference) NCB denies the allegations in ¶ 41.

42. NCB denies the allegations in ¶ 42.

43. NCB denies the allegations in ¶ 43.

44. NCB denies the allegations in ¶ 44 for lack of knowledge or information sufficient to form a belief therein.

### 15 U.S.C. §§ 1698 1s-2(b)(1)(C)-(E)

45. NCB denies the allegations in ¶ 45 for lack of knowledge or information sufficient to form a belief therein.

46. NCB denies the allegations in ¶ 46 for lack of knowledge or information sufficient to form a belief therein.

47. NCB denies the allegations in ¶ 47 for lack of knowledge or information sufficient to form a belief therein.

48. NCB denies the allegations in ¶ 48 for lack of knowledge or information sufficient to form a belief therein.

49. NCB denies the allegations in ¶ 49 for lack of knowledge or information sufficient to form a belief therein.

50. NCB denies the allegations in ¶ 50 for lack of knowledge or information sufficient to form a belief therein.

51. NCB denies the allegations in ¶ 51.

## DAMAGES – NEGLIGENCE AND WILLFULNESS

52. NCB denies the allegations in ¶ 52.

53. NCB denies the allegations in ¶ 53.

54. NCB denies the allegations in ¶ 54.

55. NCB denies the allegations in ¶ 55 for lack of knowledge or information sufficient to form a belief therein.

56. NCB denies the allegations in ¶ 56.

57. NCB denies the allegations in ¶ 57.

58. NCB denies the allegations in ¶ 58.

59. NCB denies the allegations in ¶ 59.

## COUNT THREE: ALLEGED VIOLATIONS OF FCRA, §§ 1681e & 1681i

60. NCB incorporates its responses to the foregoing paragraphs as if fully restated and set forth herein.

61. NCB denies the allegations in ¶ 61 for lack of knowledge or information sufficient to form a belief therein.

62. NCB denies the allegations in ¶ 62 for lack of knowledge or information sufficient to form a belief therein.

63. NCB denies the allegations in ¶ 63 for lack of knowledge or information sufficient to form a belief therein.

64. NCB denies the allegations in ¶ 64 for lack of knowledge or information sufficient to form a belief therein.

65. NCB denies the allegations in ¶ 65 for lack of knowledge or information sufficient to form a belief therein.

66. NCB denies the allegations in ¶ 66 for lack of knowledge or information sufficient to form a belief therein.

67. NCB denies the allegations in ¶ 67 for lack of knowledge or information sufficient to form a belief therein.

68. NCB denies the allegations in ¶ 68 for lack of knowledge or information sufficient to form a belief therein.

69. NCB denies the allegations in ¶ 69 for lack of knowledge or information sufficient to form a belief therein.

70. NCB denies the allegations in ¶ 70 for lack of knowledge or information sufficient to form a belief therein.

71. NCB denies the allegations in ¶ 71 for lack of knowledge or information sufficient to form a belief therein.

72. NCB denies the allegations in ¶ 72 for lack of knowledge or information sufficient to form a belief therein.

73. NCB denies the allegations in ¶ 73 for lack of knowledge or information sufficient to form a belief therein.

74. NCB denies the allegations in ¶ 74 for lack of knowledge or information sufficient to form a belief therein.

75. NCB denies the allegations in ¶ 75 for lack of knowledge or information sufficient to form a belief therein.

76. NCB denies the allegations in ¶ 76 for lack of knowledge or information sufficient to form a belief therein.

77. NCB denies the allegations in ¶ 77 for lack of knowledge or information sufficient to form a belief therein.

78. NCB denies the allegations in ¶ 78 for lack of knowledge or information sufficient to form a belief therein.

79. NCB denies the allegations in ¶ 79 for lack of knowledge or information sufficient to form a belief therein.

80. NCB denies the allegations in ¶ 80 for lack of knowledge or information sufficient to form a belief therein.

81. NCB denies the allegations in ¶ 81 for lack of knowledge or information sufficient to form a belief therein.

82. NCB denies the allegations in ¶ 82 for lack of knowledge or information sufficient to form a belief therein.

## **COUNT FOUR: ALLEGED VIOLATIONS OF FCRA, 1681g(a)**

83. NCB denies the allegations in ¶ 83 for lack of knowledge or information sufficient to form a belief therein.

84. NCB denies the allegations in ¶ 84 for lack of knowledge or information sufficient to form a belief therein.

85. NCB denies the allegations in ¶ 85 for lack of knowledge or information sufficient to form a belief therein.

86. NCB denies the allegations in ¶ 86 for lack of knowledge or information sufficient to form a belief therein.

87. NCB denies the allegations in ¶ 87 for lack of knowledge or information sufficient to form a belief therein.

88. NCB denies the allegations in ¶ 88 for lack of knowledge or information sufficient to form a belief therein.

89. NCB denies the allegations in ¶ 89 for lack of knowledge or information sufficient to form a belief therein.

NCB further denies that plaintiff is entitled to any of the relief listed in the paragraph starting with "WHEREFORE."

## AFFIRMATIVE DEFENSES

And now, in further response to the allegations in the Complaint, NCB asserts the following affirmative defenses.

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. NCB denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of defendant purported violations.

3. One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

4. Assuming that plaintiff suffered any damages, she has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than NCB and were beyond the control or supervision of NCB or for whom NCB was and is not responsible or liable.

6. Plaintiff has failed to state a claim against NCB upon which relief may be granted.

7. At all relevant times, NCB maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information.

8. At all times NCB has complies with its duties under the FCRA, 15 U.S.C. § 1681, *et seq*.

Dated: December 17, 2018

                                  Respectfully Submitted,

                                  */s/ Padraic K. Keane*
                                  Padraic K. Keane #17179
                                  Jordan Coyne LLP
                                  10509 Judicial Drive, Suite 200
                                  Fairfax, VA 22030
                                  Telephone: (703) 246-0900
                                  Facsimile: (703) 591-3673
                                  Email: p.keane@jocs-law.com
                                  *Attorneys for Defendant,*

*NCB Management Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2018 a copy of the foregoing was filed electronically via CM/ECF and served on the following via U.S. Mail:

Latonya Pyatt
7009 Foster St.
District Heights, MD 20747

*/s/ Padraic K. Keane*
Padraic K. Keane