

**The B&O Building**
**2 N. Charles Street, Suite 600**
**Baltimore, MD 21201**
410.752.8700
410.752.6868 Fax
www.fandpnet.com

**Imoh E. Akpan**
410-230-1002
iakpan@fandpnet.com
**Admitted in MD, VA, DC**

December 26, 2018

**VIA ECF**
Hon. Paul W. Grimm
United States District Court
District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

   Re: <u>Pyatt v. Santander Consumer USA, Inc., et al.</u>,
     United States District Court for the District of Maryland
     Case No. 8:18-cv-03635

Dear Judge Grimm:

  Pursuant to your November 28, 2018 Order (Doc. 5), Defendant Aaron's Inc. f/k/a Aaron Rents, Inc. (hereinafter "Aaron's"), by undersigned counsel, hereby files its Letter regarding its proposed Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's Complaint contains a sole count against Aaron's, Count II, which Aaron's seeks to dismiss[1].

  Additionally, Plaintiff has filed suit against an entity that does not exists. A review of Maryland's State Department of Assessment and Taxation reveals that there is no entity incorporated in Maryland called "Aaron's Rents, Inc." As such, Plaintiff's Complaint should be dismissed to allow her to re-file the action against the appropriate entity.

  **FACTS**

  On June 11, 2018, Plaintiff sent dispute letters to the CRAs wherein she disputed the NCB collection on the basis that the amount claimed owed was incorrect and NCB could not collect on the purported Santander debt. *See* Complaint, ¶28. While Plaintiff's letter to Equifax and Experian only disputed the NCB collection, Plaintiff's letter to Trans Union also disputed the Aaron's debt. *Id*. at ¶ 31. After receiving Plaintiff's dispute, a Trans Union's credit report dated July 9, 2018, revealed that Trans Union removed the ERC debt; however, the Aaron's and Santander debts were verified as

---

[1] Plaintiff's Count I does not specifically identify which Defendants she believes to have violated 15 U.S.C. § § 1692e(2),(8),(1 0), & 1692f. In an abundance of caution, Aaron's will also seek dismissal of Count I if the Court believes that it is a claim against Aaron's. Dismissal is appropriate because there are no allegations of improper conduct by Aaron's, instead Plaintiff only refers to alleged violations of the FDCPA by other Defendants. *See* ¶¶23-24. Therefore, Plaintiff has failed to state a claim against this Defendant under Count I.

accurate. *Id*. at ¶ 32. Although the Aaron's and Santander debts were the subject of Plaintiff's dispute, neither furnisher instructed Trans Union to report the debt as disputed. *Id*. at ¶ 33.

In Count II of Plaintiff's Complaint, she contends that Aaron's violated 15 U.S.C. §1681s-2(b)(l)(A)&(B) because it did not verify whether the amount of the charge-off debt was accurate but instructed Trans Union that it had verified the amount as accurate. *See* Complaint, p. 9 at ¶44. Further, Aaron's did not search its records to determine if it promised to remove the disputed tradeline from Plaintiff's credit report in exchange for Plaintiff's payment of the disputed debt. *Id*. Plaintiff further contends that Aaron's violated 15 U.S.C. §§1681s-2(b)(1)(C)-(E) by failing to report to the CRAs that the debt was disputed. *See* Complaint, p. 9 at ¶45. Plaintiff alleges that "[o]n information and belief, Aaron's rarely, if ever, notate that an account is disputed when it responds to a consumer's dispute." *Id*. at ¶46. Plaintiff argues that her disputes were bona fide in that "**if her claims were correct**," then Aaron's reporting was inaccurate. Id. at ¶48. (*Emphasis added*).

### ARGUMENT

#### 1. Existence of a Debt and Required Reporting

On its face, Plaintiff's Complaint against Aaron's must be dismissed because she has failed to plead any facts in which this Court could find that the Aaron's account was factually inaccurate, an essential element of FCRA §1681s-2(b). In fact, Plaintiff does not dispute the accuracy of the debt, instead, she states that Plaintiff's disputes were bona fide in that **if her claims were correct**, then Aaron's reporting was inaccurate. Given the lack of factual detail in Plaintiff's Complaint, it is impossible for either Aaron's or this Court to determine whether Plaintiff has asserted a plausible claim under FCRA §1681s-2(b).

#### 2. Reasonable Investigation

Plaintiff alleges that Aaron's violated 15 U.S.C. §1681s-2(b)(l)(A)&(B) because it did not verify whether the amount of the charge-off debt was accurate but instructed Trans Union that it had verified the amount as accurate. *See Complaint, p. 9 at ¶44*. Plaintiff further contends that Aaron's did not search its records to determine if it promised to remove the disputed tradeline from Plaintiff's credit report in exchange for Plaintiff's payment of the disputed debt. *Id.*

Courts have summarized a furnisher's obligation to conduct a reasonable investigation and stated that a furnisher is not required to uncover and correct all inaccuracies on the consumer's credit report. Rather, a furnisher is required to correct only those inaccuracies it discovers during its reasonable investigation. Accordingly, a furnisher cannot be held liable for failing to correct those inaccuracies its reasonable investigation fails to uncover. *Stroud v. Bank of America, N.A.*, 886 F. Supp. 2d 1308, 1313-14 (S.D. Fla. 2012). Federal courts routinely dismiss FCRA claims against furnishers of information where the allegations contained in the complaint are too vague to raise the right to relief above the speculative level. *See Snyder v. HSBC Bank, N.A.*, 913 F. Supp. 2d 755, 777-78 (D. Ariz. 2012); *see also Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) ("[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes"). Federal courts have also held that a plaintiff cannot state a claim under Section 1681s-2(b) where the complaint does not allege any factual details to support the plaintiff's allegation that

the defendant conducted an "unreasonable" investigation into a disputed debt. *See Eisberner v. Discover Products, Inc.*, 921 F. Supp. 2d 946, 949 (E.D. Wise. 2013).

Plaintiff's Complaint should be dismissed because Plaintiff has failed to provide any factual allegations regarding Aaron's investigation into the disputed debt. *See Eisberner*, 921 F. Supp. at 949 (dismissing plaintiff's complaint for failure to plead specific facts regarding defendant's alleged unreasonable investigation). Rather than plead actual facts related to Aaron's alleged inadequate investigation and/or Plaintiff's communications with Aaron's, Plaintiff has simply asserted, in a conclusory and wholly speculative fashion, that Aaron's performed a "a quick, sloppy, and superficial response," and that it did not "search its records". *See Complaint, p. 9, ¶44*. These allegations lack any factual support. Plaintiff cannot state a claim simply by substituting well-pled facts with baseless and inflammatory accusations. Accordingly, Plaintiff failed to state a claim upon which relief can be granted.

### 3. Report of Disputed Debt

Plaintiff contends that Aaron's violated 15 U.S.C. §§1681s-2(b)(1)(C)-(E) by failing to report to the CRAs that the debt was disputed. *See Complaint, p. 9 at ¶45*. The duties with regard to reporting pursuant to 15 U.S.C. §§1681s-2(b)(1)(C)-(E) are **limited and do not include reporting of disputed debts.** Even if Plaintiff cited to the correct statute regarding a duty to report a disputed claim, §1681s-2(a)(3), Plaintiff's claim still fails as a matter of law because a private right of action does not exist for any alleged violation of the duty to report a disputed claim as set forth at §1681s-2(a)(3). The statute plainly restricts enforcement of that provision to federal and state authorities. Accordingly, this alleged breach of a duty is not actionable by Plaintiff and must be dismissed with prejudice.

We look forward to hearing from you in response to our correspondence. Should you have any questions, please feel free to contact me.

Very truly yours,

*Imoh E. Akpan*

Imoh E. Akpan, Esq.

IEA/GCA

cc: Kevin Williams, Esq., Counsel For Latonya Pyatt (*via ECF*)
    Robert J. Schuckit, Esq., Counsel for Defendant Trans Union LLC (*via ECF*)
    Nathan D. Adler, Esq., Counsel for Equifax Information Services, LLC (*via ECF*)
    Joshua I. Hammack, Esq., Counsel for Experian Information Solutions, Inc. (*via ECF*)
    Alexander Richard Green, Esq., Counsel for Santander Consumer USA, Inc. (*via ECF*)
    Padraic K. Kane, Esq., Counsel for Jordan Coyne, LLP (*via ECF*)
    Edward A. Pennington, Esq., Counsel for Enhanced Recovery Company, LLC (*via ECF*)