**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LATONYA PYATT | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:18-cv-3635 |
| AARONS RENT, INC., *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### AARON'S INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Aaron's Inc. f/k/a Aaron Rents, Inc., by and through its undersigned attorneys, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7, moves to dismiss Plaintiff Latonya Pyatt's Complaint. In support thereof, Aaron's refers the Court to the attached Memorandum of Points & Authorities, which is fully incorporated and adopted herewith.

Respectfully submitted,

_____/s/_____
Imoh E. Akpan, Esq. (Bar No.  1024458)
G. Calvin Awkward, III, Esq. (Bar No. MD18652)
Franklin & Prokopik, P.C.
Two North Charles Street, Suite 600
Baltimore, MD 21201
Ph: (410) 230-1002
Fx: (410) 752-6868
iakpan@fandpnet.com
cawkward@fandpnet.com
*Attorney for Defendant Aaron's, Inc. f/k/a*
*Aaron Rents, Inc.*

1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of December 2018, a copy of the foregoing *Motion to Dismiss* was served via the Court's ECF system sent to:  Nathan Daniel Adler, Esq., Neuberger Quinn Gielen Rubin and Gibber PA, One South Street, 27th Fl., Baltimore, MD 21202, *Attorney for Defendant, Equifax Information Services, LLC*; Joshua Ian Hammack, Esq.; Jones Day, 51 Louisiana Avenue, Washington, D.C. 20001*, Attorney for Defendant Experian Information Solutions, Inc.*; Alexander Richard Green, Esq., LeClairRyan, 2318 Mill Road, Suite 1100, Alexandria, VA 22314, *Attorney for Defendant Santander Consumer USA Inc.,* and Robert J. Schuckit, Esq., Schuckit & Associates, P.C., 4545 Northwestern Drive, Zionsville, IN 46077, *Attorney for Defendant Trans Union, LLC;* Padraic K. Keane, Esq., Jordan Coyne, LLP, 10509 Judicial Drive, Suite 200, Fairfax, VA 22030, *Attorneys for Defendant NCB Management Services, Inc.*; Edward A. Pennington, Esq., Smith Gambrell & Russell, LLP, 1055 Thomas Jefferson Street, NW, Suite 400, Washington, D.C. 2007, *Attorneys for Defendant Enhanced Recovery Company, LLC*; Kevin Williams, Esq., 9466 Georgia Avenue, Suite 61, Silver Spring, MD 20910, *Attorney for LaTonya Pyatt*.

_____/s/_____

G. Calvin Awkward, III (Bar No. MD18652)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **LATONYA PYATT** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. 8:18-cv-3635** |
| **AARONS RENT, INC.,** *et al.* | * | |
| **Defendants.** | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## <u>ORDER</u>

Upon consideration of Defendant Aaron's Inc.'s Motion to Dismiss, any oppositions thereto, and for good cause shown, it is this _____ day of _____, 201___, hereby,

ORDERED that Defendant Aaron's, Inc.'s Motion to Dismiss is GRANTED, and it is further

[ ]       ORDERED that Count I of the Complaint against Aaron's Inc. f/k/a Aaron Rents, Inc. is DIMISSED.

[ ]       ORDERED that Count II of the Complaint against Aaron's Inc. f/k/a Aaron Rents, Inc. is DIMISSED.

_____
Judge, United States District Court for the
District of Maryland

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **LATONYA PYATT** | * | |
| **Plaintiff,** | * | **CASE NO. 8:18-cv-3635** |
| **v.** | * | |
| **AARONS RENT, INC.,** *et al.* | * | |
| **Defendants.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF AARON'S INC.'S MOTION TO DISMISS

Defendant, Aaron's Inc. f/k/a Aaron Rents, Inc. (hereinafter "Aaron's, Inc."), by and through its undersigned attorneys, submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss.

### PRELIMINARY STATEMENT

The above-caption arises out of Plaintiff's contention that Defendants Santander Consumer USA Inc. ("Santander"), NCB Management Services, Inc (hereinafter "NCB"), Aaron Rents, Inc. ("Aaron's"), Enhanced Recovery Company, LLC (hereinafter "ERC"), Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union, LLC (hereinafter "Transunion"), and Experian Information Solutions, Inc. (hereinafter "Experian") violated the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681 *et seq* and Federal Debt Collection Protection Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 *et seq*. Specifically, Plaintiff contends that "[l]ast year Ms. Miller [*sic*] obtained her credit reports from the consumer reporting agencies (hereinafter "CRA") and found inaccurate information being reported about her. Plaintiff disputes this

information and contends that Defendants actions as a result of the dispute are in violation of various provisions of the FCRA and FDCPA.

Plaintiff's Complaint contains four counts: Violations of FDCPA (Count I), Violations of FCRA §1681s-2(b) (Count II), Violations of FCRA §§1681e & 1681i (Count III), and Violations of FCRA §1681g(a) (Count IV). The only count against Aaron's, Inc. is Count II[1]; as such, Aaron's, Inc. will only address said count in the instant motion[2].

Plaintiff's Complaint fails as a matter of law because Plaintiff (1) failed to provide any details regarding the facts of Aaron's, Inc. investigation into the disputed debt, (2) failed to plead that Aaron's, Inc. account was factually inaccurate, an essential element of FCRA §1681s-2(b) and (3) seeks damages for a claim for which no private right to make a claim exists. For these reasons, Aaron's, Inc. respectfully requests the Court grant its Motion to Dismiss and grant all other relief as the court deems appropriate.

## STATEMENT OF ALLEGED FACTS
(Plaintiff's Complaint)

On June 11, 2018, Plaintiff sent dispute letters to the CRAs wherein she disputed the NCB collection on the basis that the amount claimed owed was incorrect and NCB could not collect on the purported Santander debt. *See Complaint, ¶28.* While Plaintiff's letter to Equifax and Experian only disputed the NCB collection, Plaintiff's letter to Trans Union also disputed the Aaron's, Inc.

---

[1] Count I does not specifically identify which Defendants she believes to have violated 15 U.S.C. § § 1692e(2),(8),(1 0), & 1692f. In an abundance of caution, Aaron's, Inc. seeks dismissal of Count I because there are no allegations of improper conduct by Aaron's, Inc., instead Plaintiff only refers to alleged violations of the FDCPA by Defendants Enhanced Recovery Company and NCM Management Services, Inc. *See ¶¶23-24.* Therefore, it is undisputed that Plaintiff has failed to state a claim against Aaron's, Inc. under Count I. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2]. Count III alleges violations of the FCRA by the Defendant Consumer Reporting Agencies (CRAs) Equifax, Experian and Transunion. *See ¶¶61-82.* Count IV is a count against Defendant Experian only. *See ¶¶83-89.*

debt. *Id. at ¶ 31.* After receiving Plaintiff's dispute, a Trans Union's credit report, dated July 9, 2018, revealed that Trans Union removed the ERC debt; however, the Aaron's, Inc. and Santander debts were verified as accurate. *Id. at ¶ 32.* Although the Aaron's, Inc. and Santander debts were the subject of Plaintiff's dispute, neither furnisher instructed Trans Union to report the debt as disputed. *Id. at ¶ 33.*

In Count II of Plaintiff's Complaint, she contends that Aaron's, Inc. violated 15 U.S.C. §1681s-2(b)(l)(A)&(B) because it did not verify whether the amount of the charge-off debt was accurate but instructed Trans Union that it had verified the amount as accurate. *See Complaint, p. 9 at ¶44.* Further, the Complaint alleges that Aaron's, Inc. did not search its records to determine if it promised to remove the disputed tradeline from Plaintiff's credit report in exchange for Plaintiff's payment of the disputed debt. *Id.* Plaintiff further contends that Aaron's Inc. violated 15 U.S.C. §§1681s-2(b)(1)(C)-(E) by failing to report to the CRAs that the debt was disputed. *See Complaint, p. 9 at ¶45.* Plaintiff alleges that "[o]n information and belief, Aaron's rarely, if ever, notate that an account is disputed when it responds to a consumer's dispute." *Id. at ¶46.* Plaintiff argues that her disputes were bona fide in that "if her claims were correct," then Aaron's, Inc. reporting was inaccurate. *Id. at ¶48.*

## STANDARD OF REVIEW

"A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12 (b) (6) challenges the adequacy of a complaint on its face." *Jacobs v. Experts, Inc.* 212 F.Supp.3d 55 (D.D.C. 2016). The complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to "state a claim to relief that this plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that defendant has acted unlawfully.'" *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations marks omitted).

The Supreme Court has held that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, a complaint is insufficient if it tenders "naked assertions" devoid of "further factual enhancement." *Id*. at 557. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Iqbal*, 556 U.S. at 679. While Rule 8[3] "marks a notable and generous departure from the hyper-technical, code-pleading regime of the prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. 679. Although a "plaintiff need not plead the evidentiary standard for proving" her claim, she may no longer rely on the mere possibility that she could later establish her claim. *McCleary–Evans v. Maryland Department of Transportation, State Highway Administration*, 780 F.3d 582, 586 (4th Cir.2015).

---

[3] Rule 8 (a) (2) provides that a pleading that states a claim for relief must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

"In deciding a motion under Rule 12 (b) (6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference and matters about which the court may take judicial notice." *Abbe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C.Cir.2007).

## ARGUMENT

### A.   PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER 15 U.S.C. §1681s-2(b)(l)

As set forth *supra*, Plaintiff contends Aaron's, Inc. violated 15 U.S.C. §1681s-2(b)(l)(A)&(B) and 15 U.S.C. §§1681s-2(b)(1)(C)-(E). 15 U.S.C. §§1681s-2(b)(1) provides as follows:

In general, after receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—

(A)   conduct an investigation with respect to the disputed information;

(B)   review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C)   report the results of the investigation to the consumer reporting agency;

(D)   if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E)   if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i)   modify that item of information;
(ii)   delete that item of information; or
(iii)   permanently block the reporting of that item of information.

8

### 1.  **Existence of a Debt and Required Reporting**

On its face, Plaintiff's Complaint against Aaron's, Inc. must be dismissed, because Plaintiff has failed to plead any facts whatsoever in which this Court could find that the Aaron's, Inc.'s debt/account was factually inaccurate, an essential element of FCRA §1681s-2(b). In fact, Plaintiff does not dispute the accuracy of the debt, instead, she states that Plaintiff's disputes were bona fide in that **if her claims were correct**, then Aaron's, Inc.'s reporting was inaccurate. Given the lack of factual detail contained in Plaintiff's Complaint, it is impossible for either Aaron's, Inc. or this Court to determine whether a plausible claim exists under FCRA §1681s-2(b) for failure to correct "inaccurate" information related to Plaintiff's credit, and therefore Plaintiff's Complaint is subject to dismissal as a matter of law.

### 2.  **Reasonable Investigation**

Assuming, *arguendo,* that this Court believes Plaintiff's Complaint contains sufficient allegations disputing the accuracy of the debt, which Aaron's, Inc. does not concede, Plaintiff's claim still fails because the Complaint does not contain any details regarding the facts of Aaron's, Inc. investigation into the disputed debt.

Plaintiff alleges that Aaron's, Inc. violated 15 U.S.C. §1681s-2(b)(l)(A)&(B) because it did not verify whether the amount of the charge-off debt was accurate but instructed Trans Union that it had verified the amount as accurate. *See Complaint, p. 9 at ¶44.* Plaintiff further contends that Aaron's, Inc. did not search its records to determine if it promised to remove the disputed tradeline from Plaintiff's credit report in exchange for Plaintiff's payment of the disputed debt. *Id.*

Under Section 1681s-2(b), "furnishers of information" such as Aaron's, Inc. are ogated to perform certain actions after receiving notice of a dispute from a credit reporting agency. *See* 15

U.S.C. § 1681s-2(b). The Court of Appeals for the Fourth Circuit has described these obligations as follows:

> Section 1681s-2(b) contains the duties of furnishers of information "[a]fter receiving notice…of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1). These duties include conducting an investigation into the dispute and correcting any errors discovered with the CRAs.
>
> *Ross v. FDIC*, 625 F.3d 808, 813 (4th Cir. 2010).

Further, although FCRA does not define the term "reasonable investigation," 15 U.S.C. § 1681s-2(a)(1)(A)-(D) provides that a furnisher of information may not furnish information to a credit reporting agency if it "knows or has reasonable cause to believe that the information is inaccurate" and that "reasonable cause" "means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." Moreover, courts have summarized a furnisher's obligation to conduct a reasonable investigation as follows:

> [Courts] must assess the reasonableness of…an information furnisher's investigation in light of what it learned about the dispute from the CRA…A furnisher is not required to uncover and correct all inaccuracies on the consumer's credit report. Rather, a furnisher is required to correct only those inaccuracies it discovers during its reasonable investigation. Accordingly, a furnisher cannot be held liable for failing to correct those inaccuracies its reasonable investigation fails to uncover.
>
> *Stroud v. Bank of America, N.A.*, 886 F. Supp. 2d 1308, 1313-14 (S.D. Fla. 2012).

Federal courts routinely dismiss FCRA claims against furnishers of information where the allegations contained in the complaint are "too vague to raise the right to relief above the speculative level." *See Snyder v. HSBC Bank, N.A.*, 913 F. Supp. 2d 755, 777-78 (D. Ariz. 2012); *see also Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) ("[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual

enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes"). Federal courts have also held that a plaintiff cannot state a claim under Section 1681s-2(b) where the complaint does not allege any factual details to support the plaintiff's allegation that the defendant conducted an "unreasonable" investigation into a disputed debt. *See Eisberner v. Discover Products, Inc.*, 921 F. Supp. 2d 946, 949 (E.D. Wise. 2013) (dismissing plaintiff's complaint pursuant to Rule 12(b)(6), stating "the complaint contains no factual allegations about the defendants' investigation procedures, and thus the allegation that the defendants failed to conduct reasonable investigations is another bare legal conclusion"); *see also Darrin v. Bank of America, N.A.*, No. 12-CV-00228, 2012 WL 279813, at * 5 (E.D. Cal. July 9, 2012) (dismissing plaintiff's FCRA claim pursuant to Rule 12(b)(6) where her allegations regarding the reasonableness of defendant's investigation were "insufficient and conclusory").

Plaintiff's Complaint should be dismissed because Plaintiff has failed to provide any factual detail regarding Aaron's, Inc. investigation into the disputed debt. *See Eisberner*, 921 F. Supp. at 949 (dismissing plaintiff's complaint for failure to plead specific facts regarding defendant's alleged unreasonable investigation). Rather than plead actual facts related to Aaron's, Inc.'s alleged inadequate investigation and/or Plaintiff's communications with Aaron's, Inc., Plaintiff simply asserts, in a conclusory and wholly speculative fashion, that Aaron's, Inc. performed a "a quick, sloppy, and superficial response," and that it did not "search its records". *See Complaint, p. 9, ¶44.* Plaintiff cannot survive a motion to dismiss by substituting well-pled facts with baseless and inflammatory accusations.

### 3.  Report of Disputed Debt

Plaintiff further contends that Aaron's, Inc. violated 15 U.S.C. §§1681s-2(b)(1)(C)-(E) by failing to report to the CRAs that the debt was disputed. *See Complaint, p. 9 at ¶45.* Plaintiff alleges that "[o]n information and belief, Aaron's rarely, if ever, notate that an account is disputed when it responds to a consumer's dispute." *Id. at ¶46.* Plaintiff argues that her disputes were bona fide in that if her claims were correct, then Aaron's, Inc. reporting was inaccurate. *Id. at ¶48.*

The reporting duties pursuant to 15 U.S.C. §§1681s-2(b)(1)(C)-(E) are **limited to the following:** (1) reporting the results of the investigation, (2) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies, and (3) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified (i) modify that item of information; (ii) delete that item of information; or  (iii) permanently block the reporting of that item of information. There is no duty on the part of Aaron's, Inc. to report a dispute under 15 U.S.C. §§1681s-2(b)(1)(C)-(E) as claimed by Plaintiff.

Even if Plaintiff cited to the correct statute regarding a duty to report a disputed claim, §1681s-2(a)(3), Plaintiff's claim still fails as a matter of law. In certain circumstances, a consumer may bring a civil cause of action against any person who "willfully fails to comply with any requirement imposed under" the Act and recover actual or statutory damages, punitive damages, costs, and attorneys' fees. *See* §1681n(a). However, a private right of action does not exist for any alleged violation of the duty to report a disputed claim as set forth at §1681s-2(a)(3). The statute plainly restricts enforcement of that provision to federal and state authorities. Indeed, the statute provides that subsection (a) "shall be enforced exclusively ... by the Federal agencies and officials

and the State officials identified in section 1681s of this title." 15 U.S.C. § 1681s–2(d). Accordingly, this alleged breach of a duty is not actionable by Plaintiff and must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Aaron's, Inc. f/k/a Aaron Rents, Inc. respectfully requests that this Honorable Court grant its Motion to Dismiss Count II of the Complaint.

Respectfully submitted,

_____/s/_____
Imoh E. Akpan, Esq. (Bar No.  1024458)
G. Calvin Awkward, III, Esq. (Bar No. MD18652)
Franklin & Prokopik, P.C.
Two North Charles Street, Suite 600
Baltimore, MD 21201
Ph: (410) 230-1002
Fx: (410) 752-6868
iakpan@fandpnet.com
cawkward@fandpnet.com
*Attorney for Defendant Aaron's Inc. f/k/a Aaron Rents, Inc.*