# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

**LATONYA PYATT**,

        Plaintiff,

v.

**SANTANDER CONSUMER USA INC.,** *et al.*,

        Defendants.

Case No.:  8:18-cv-03635-PWG

## SC'S ANSWER

Defendant, Santander Consumer USA Inc. ("SC" or "Defendant"), by counsel, hereby states the following as its Answer to the Complaint filed by Plaintiff, LaTonya Pyatt ("Plaintiff"):

Defendant expressly denies any allegation included in the Complaint that is not expressly admitted herein, including without limitation Plaintiff's introductory discourse and prayer for relief.  Defendant denies that Plaintiff is entitled to the damages and relief requested from Defendant in the Complaint.

### PRELIMINARY STATEMENT

1.      In response to paragraph 1 of the Complaint, SC admits that Plaintiff purports to bring an action under the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), and Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").  As to the balance of the allegations in this paragraph, such allegations are denied. Defendant expressly denies that it is liable to Plaintiff in any amount or for any reason.

**PARTIES TO THE ACTION**

2.      In response to paragraph 2 of the Complaint, SC admits that Plaintiff is a natural person but lacks information sufficient to admit or deny the allegation that Plaintiff resides in District Heights, Maryland.

3.      In response to paragraph 3 of the Complaint, SC admits that it was incorporated in 1981, operates as a subsidiary of Santander Consumer USA Holdings Inc., and maintains its headquarters in Dallas, Texas.   As to the balance of the allegations in this paragraph, such allegations are denied as stated.

4.      Defendant lacks sufficient information to admit or deny the allegations in paragraph 4 of the Complaint and therefore denies the same.

5.      Defendant lacks sufficient information to admit or deny the allegations in paragraph 5 of the Complaint and therefore denies the same.

6.      Defendant lacks sufficient information to admit or deny the allegations in paragraph 6 of the Complaint and therefore denies the same.

7.      Plaintiff has omitted paragraph 7 from the Complaint, and no response is required.

8.      Plaintiff has omitted paragraph 8 from the Complaint, and no response is required.

9.      Plaintiff has omitted paragraph 9 from the Complaint, and no response is required.

10.      The allegations in paragraph 10 of the Complaint constitute a legal conclusion to which no response is required.

11.      The allegations in paragraph 11 of the Complaint constitute a legal conclusion to which no response is required.

12.      The allegations in paragraph 12 of the Complaint constitute a legal conclusion to which no response is required.

**FACTUAL ALLEGATIONS**

13.     Paragraph 13 of the Complaint references a document, which speaks for itself.  To the extent the allegations are inconsistent with such document, misrepresent its content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations in this paragraph, if any, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

14.     Paragraph 14 of the Complaint references multiple documents, which speak for themselves.  To the extent the allegations are inconsistent with such documents, misrepresent their content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations in this paragraph, if any, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

15.     The allegations in paragraph 15 of the Complaint are denied.

16.     The allegations in paragraph 16 of the Complaint are denied.

17.     Paragraph 17 of the Complaint references multiple documents, which speak for themselves.  To the extent the allegations are inconsistent with such documents, misrepresent their content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations in this paragraph, if any, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

18.     The allegations in paragraph 18 of the Complaint are denied.

19.     Defendant lacks sufficient information to admit or deny the allegations in paragraph 19 of the Complaint and therefore denies the same.

20.     Paragraph 20 of the Complaint references a document, which speaks for itself.  To the extent the allegations are inconsistent with such document, misrepresent its content or legal

import, or are materially incomplete, they are denied.  As to the balance of the allegations in this paragraph, if any, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

21.     Paragraph 21 of the Complaint references a document, which speaks for itself.  To the extent the allegations are inconsistent with such document, misrepresent its content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations in this paragraph, if any, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

### COUNT ONE: VIOLATIONS OF FDCPA

22.     In response to paragraph 22 of the Complaint, Defendant incorporates by references its responses to Paragraphs 1-21, as if set forth in full herein.

23.     As the allegations in paragraph 23 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

24.     As the allegations in paragraph 24 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, such allegations are denied.

25.     As the allegations in paragraph 25 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, such allegations are denied.

26.     As the allegations in paragraph 26 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, such allegations are denied.

### COUNT TWO: VIOLATIONS OF FCRA, § 1681S-2(b)
(As to Defendants Santander, NCB, AIR, and ECR)

27.     In response to paragraph 27 of the Complaint, Defendant incorporates by references its responses to Paragraphs 1-26, as if set forth in full herein.

28.     Paragraph 28 of the Complaint references multiple documents, which speak for themselves.  To the extent the allegations are inconsistent with such documents, misrepresent their content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations in this paragraph, if any, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

29.     Paragraph 29 of the Complaint references multiple documents, which speak for themselves.  To the extent the allegations are inconsistent with such documents, misrepresent their content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations in this paragraph, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

30.     Paragraph 30 of the Complaint references a document, which speaks for itself.  To the extent the allegations are inconsistent with such document, misrepresent its content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations in this paragraph, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

31.     Paragraph 31 of the Complaint references multiple documents, which speak for themselves.  To the extent the allegations are inconsistent with such documents, misrepresent their content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations in this paragraph, if any, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

32.     Paragraph 32 of the Complaint references a document, which speaks for itself.  To the extent the allegations are inconsistent with such document, misrepresent its content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations in this

paragraph, if any, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

33.     The allegations in paragraph 33 of the Complaint are denied to the extent the allegations in this paragraph relate to SC.  As to the balance of the allegations in this paragraph, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

34.     Paragraph 34 of the Complaint references multiple documents, which speak for themselves.  To the extent the allegations are inconsistent with such documents, misrepresent their content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations in this paragraph, if any, such allegations are denied.

35.     In response to paragraph 35 of the Complaint, SC admits that one or more credit reporting agencies have previously forwarded credit reporting disputes from Plaintiff.  As to the balance of the allegations in this paragraph, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

36.     The allegations in paragraph 36 of the Complaint are denied to the extent the allegations in this paragraph relate to SC.  As to the balance of the allegations in this paragraph, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

37.     The allegations in paragraph 37 of the Complaint are denied to the extent the allegations in this paragraph relate to SC.  The allegations in this paragraph also reference multiple documents, which speak for themselves.  To the extent the allegations are inconsistent with such documents, misrepresent their content or legal import, or are materially incomplete,

they are denied.  As to the balance of the allegations in this paragraph, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

38.     Paragraph 38 of the Complaint references multiple documents, which speak for themselves.  To the extent the allegations are inconsistent with such documents, misrepresent their content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations in this paragraph, if any, such allegations are denied.

39.     In response to paragraph 39 of the Complaint, SC admits that Plaintiff sent a letter to SC relating to the repossession of a vehicle.   Regarding the contents of this letter, the document speaks for itself.  To the extent the allegations are inconsistent with such document, misrepresent its content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations in this paragraph, such allegations are denied.

40.     In response to paragraph 40 of the Complaint, SC admits that one or more credit reporting agencies have previously forwarded credit reporting disputes from Plaintiff.  As to the balance of the allegations in this paragraph, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

41.     Defendant lacks sufficient information to admit or deny the allegations in paragraph 41 of the Complaint and therefore denies the same.  The allegations in the second paragraph of the Complaint labelled as paragraph 41 are denied.

42.     Paragraph 42 of the Complaint references a document, which speaks for itself.  To the extent the allegations are inconsistent with such document, misrepresent its content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations in this paragraph, if any, Defendant lacks sufficient information to admit or deny such allegations and

therefore denies the same.  The allegations in the second paragraph of the Complaint labelled as paragraph 42 are denied.

43.     Defendant lacks sufficient information to admit or deny the allegations in paragraph 43 of the Complaint and therefore denies the same.  The allegations in the second paragraph of the Complaint labelled as paragraph 43 are denied.

44.     The allegations in paragraph 44 of the Complaint are denied.  The allegations in the second paragraph of the Complaint labelled as paragraph 44 are denied.

45.     The allegations in paragraph 45 of the Complaint are denied.

46.     The allegations in paragraph 46 of the Complaint are denied.

47.     The allegations in paragraph 47 of the Complaint are denied.

48.     The allegations in paragraph 48 of the Complaint are denied.

49.     The allegations in paragraph 49 of the Complaint are denied.

50.     The allegations in paragraph 50 of the Complaint are denied.

51.     The allegations in paragraph 51 of the Complaint are denied.

52.     The allegations in paragraph 52 of the Complaint are denied.

53.     The allegations in paragraph 53 of the Complaint are denied.

54.     The allegations in paragraph 54 of the Complaint are denied.

55.     The allegations in paragraph 55 of the Complaint are denied.

56.     The allegations in paragraph 56 of the Complaint are denied.

57.     The allegations in paragraph 57 of the Complaint are denied.

58.     The allegations in paragraph 58 of the Complaint are denied.

59.     The allegations in paragraph 59 of the Complaint are denied.

## COUNT THREE: VIOLATIONS OF FCRA, §§ 1681e & 1681i
(As to Defendant CRAs)

60.     In response to paragraph 60 of the Complaint, Defendant incorporates by references its responses to Paragraphs 1-59, as if set forth in full herein.

61.     As the allegations in paragraph 61 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

62.     As the allegations in paragraph 62 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, such allegations are denied to the extent the allegations in this paragraph relate to SC.  As to the balance of the allegations in this paragraph, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

63.     As the allegations in paragraph 63 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, such allegations are denied to the extent the allegations in this paragraph relate to SC.  As to the balance of the allegations in this paragraph, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

64.     Paragraph 64 of the Complaint references a document, which speaks for itself.  To the extent the allegations are inconsistent with such document, misrepresent its content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations in this paragraph, if any, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

65.     As the allegations in paragraph 65 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, such allegations are denied.

66.     As the allegations in paragraph 66 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, such allegations are denied.

67.     As the allegations in paragraph 67 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, such allegations are denied.

68.     As the allegations in paragraph 68 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

69.     As the allegations in paragraph 69 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

70.     As the allegations in paragraph 70 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

71.     As the allegations in paragraph 71 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

72.     As the allegations in paragraph 72 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

73.     As the allegations in paragraph 73 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, such allegations are denied.

74.     As the allegations in paragraph 74 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

75.     As the allegations in paragraph 75 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

76.     As the allegations in paragraph 76 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

77.     As the allegations in paragraph 77 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

78.     As the allegations in paragraph 78 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

79.     As the allegations in paragraph 79 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

80.     As the allegations in paragraph 80 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, such allegations are denied.

81.     As the allegations in paragraph 81 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, such allegations are denied.

82.     As the allegations in paragraph 82 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, such allegations are denied.

### COUNT FOUR: VIOLATIONS OF FCRA, § 1681g(a)
(As to Defendant Experian)

83.     As the allegations in paragraph 83 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

84.     As the allegations in paragraph 84 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

85.     As the allegations in paragraph 85 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

86.     As the allegations in paragraph 86 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

87.     As the allegations in paragraph 87 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

88.     As the allegations in paragraph 88 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

89.     As the allegations in paragraph 89 of the Complaint are not directed at SC, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny such allegations and therefore denies the same.

### PRAYER FOR RELIEF

Defendant denies that the Plaintiff is entitled to the damages and relief requested in any of the Plaintiff's "WHEREFORE" clauses in the Complaint.

### DEMAND FOR TRIAL BY JURY

Defendant admits that the Plaintiff demands a jury trial in her Complaint, but states that this is a legal conclusion which requires no response from Defendant.  Defendant further denies that any conduct by Defendant gives rise to liability in favor of the Plaintiff.

### SC'S AFFIRMATIVE DEFENSES

Defendant, Santander Consumer USA Inc. ("SC" or "Defendant"), by counsel, hereby states the following affirmative defenses against the Complaint filed by Plaintiff, LaTonya Pyatt ("Plaintiff"):

1.     Plaintiff's Complaint fails to state a viable claim against Defendant upon which the relief requested may be granted.

2.     Plaintiff's Complaint fails to provide sufficient facts to state a viable claim against Defendant upon which the relief requested may be granted.

3.     Defendant denies that it violated any provisions of the FCRA as alleged in the Complaint.

4.     Defendant denies that it is liable to Plaintiff in any amount or for any reason.

5.     Plaintiff's claims fail, in whole or in part, because Defendant never received requisite notice of Plaintiff's credit dispute, as required under the FCRA.

6.      Plaintiff's claims are barred, in whole or in part, because she suffered no damages as a result of Defendant's conduct.

7.      Plaintiff's damages, if any, were caused by the acts, negligence, or fault of other persons or entities for whom Defendant is not legally liable or responsible.

8.      Any recovery by Plaintiff is barred to the extent Plaintiff failed to make reasonable efforts to avoid, mitigate or reduce the alleged damages.

9.      Defendant is entitled to a set-off, should any damages be awarded against it, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged injuries.  Defendant is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

10.     Defendant at all times with respect to Plaintiff acted in good faith and complied fully with its obligations under the FCRA.

11.     To the extent that a violation of the FCRA is established, any such violation was not willful and occurred despite the maintenance of policies and procedures to avoid such violation.

12.     Plaintiff does not have any standing under Article III of the Constitution because she did not suffer an injury in fact and therefore there is no subject matter jurisdiction over her claims.

13.     To the extent that Plaintiff seeks an award of punitive damages, Defendant states that such an award may be unconstitutional, violating the due process rights of Defendant, and therefore, not recoverable against Defendant in this action.  The Complaint is devoid of facts sufficient to constitute an action against Defendant for punitive or exemplary damages.

14.     Defendant will rely upon all other defenses that are revealed by further investigation, discovery or the presentation of evidence and reserves the right to file an amended answer or other appropriate pleading as permitted by this Court.

WHEREFORE, for the foregoing reasons, Defendant, Santander Consumer USA Inc. respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that Defendant be awarded its costs and expenses, including reasonable attorneys' fees, and all other relief the Court deems appropriate.

Dated:  December 31, 2018

Respectfully Submitted,
**SANTANDER CONSUMER USA INC.,**

*By Counsel*

*/s/ Alexander R. Green*
Alexander R. Green, Fed. Bar No. 20265
LECLAIRRYAN PLLC
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Telephone:  (703) 647-5976
Facsimile:  (703) 647-5988
alexander.green@leclairryan.com

*Counsel for Defendant, Santander Consumer USA Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of December, 2018, the foregoing document was filed via the CM/ECF system, which will send out a notification of filing thereof to all counsel of record in this matter.

/s/ Alexander R. Green
Alexander R. Green, Fed. Bar No. 20265
LECLAIRRYAN PLLC
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Telephone:  (703) 647-5976
Facsimile:  (703) 647-5988
alexander.green@leclairryan.com

Counsel for Defendant, Santander Consumer USA Inc.