**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **LATONYA PYATT,** | * |
| **Plaintiff,** | * |
| **v.** | * |
| | * |
| **SANTANDER CONSUMER USA INC. et al,** | * |
| | * |
| **Defendant.** | * |

**Case No.: PWG 18-3635**

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## SCHEDULING ORDER

This scheduling order is being entered pursuant to Local Rule 103.9. Any inquiries concerning the schedule should be directed to my chambers, not to the Clerk's Office. Any request to modify this Scheduling Order may be raised at the Rule 16 conference. **Thereafter, the schedule will not be changed except for good cause.**

Electronic filing is required in this case. *See* Elec. Filing Reqs. & Procs. for Civ. Cases I(A) (D. Md. Apr. 2013), www.mdd.uscourts.gov/publications/DisplayForms.asp. Please familiarize yourself with those procedures. You must use the electronic filing system for filing documents with the Clerk and for sending case-related correspondence to chambers.[1] When you electronically file a document that, including attachments, is 15 pages or longer, you also must provide a paper copy of the document and a paper copy of the notice of electronic filing. *Id.* § III(B)(4). The paper copy should be sent to the Clerk's Office, not directly to my chambers.

I.     DEADLINES

| | |
|---|---|
| January 9, 2019: | Deadline for disclosure of damages and relief sought, as required by the Discovery Order |
| **January 16, 2019 at 3:30 p.m.:** | **Fed. R. Civ. P. 16 Telephone Conference Call**; deadline for request for modification of initial Scheduling Order. |

---

[1] There is an exception for self-represented parties who are not registered users of CM/ECF. The self-represented party is not required to file electronically. *See* Instructions for Filing a Civil Action on Your Own Behalf II(A) (D. Md. May 2013), www.mdd.uscourts.gov/publications/forms/InstructionsFilingCivilAction.pdf.

| | |
|---|---|
| January 21, 2019: | Joint request for early settlement/ADR conference. (This request will not postpone discovery unless otherwise ordered.) |
| January 21, 2019: | Deadline for conference about discovery of electronically stored information. (If either or both parties intend to take such discovery, before the conference counsel should review the **Principles for the Discovery of Electronically Stored Information in Civil Cases**, prepared by a Joint bench/bar committee published on the court's website.) |
| February 18, 2019: | Moving for joinder of additional parties and amendment of pleadings. |
| March 4, 2019: | Plaintiff's Rule 26(a)(2) expert disclosures. |
| April 3, 2019: | Defendant's Rule 26(a)(2) expert disclosures. |
| April 17, 2019: | Plaintiff's rebuttal Rule 26(a)(2) expert disclosures. |
| May 17, 2019: | Rule 26(e) supplementation of disclosures and responses. |
| June 10, 2019: | Discovery deadline; submission of status report in compliance with § III of this order. |
| June 17, 2019: | Requests for admission. |

II.   <u>DISCOVERY</u>

The Court has entered a separate Discovery Order that will govern in this case.  This Scheduling Order supplements that Discovery Order.

<u>Initial Disclosures</u>

Except as provided in the Discovery Order also issued in this case, this is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made.

<u>Discovery Conference</u>

This action is exempted from the requirements of the first sentence of Fed. R. Civ. P. 26(d) and from Fed. R. Civ. P. 26(f). However, you are encouraged to confer with one another immediately in order to: (a) identify the issue(s), (b) set a discovery plan, (c) determine if the case can be resolved before your clients incur further litigation expense, and (d) establish a cordial professional relationship among yourselves.

<u>Procedure</u>

All the provisions of Local Rule 104 apply, including the following:

a. All discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

b. The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

c. No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, except as provided in the Discovery Order issued in this case, should be filed with the court.

d. When a motion to compel is permitted by the Discovery Order, the motion shall be filed in accordance with Local Rule 104.8 and applicable CM/ECF procedures.

e. Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders that may be helpful to you.

<u>Deposition Hours</u>

Deposition hours are set forth in the Discovery Order separately issued in this case.

III.  <u>STATUS REPORT</u>

**The parties shall file on the day of the discovery deadline a joint status report (not to exceed ten pages, single spaced text) covering the following matters:**

a. Whether discovery has been completed;

b. Whether any motions are pending;

c. Whether any party intends to file a dispositive pretrial motion, **and if so, that party shall attach a concise description not to exceed three pages of single spaced text setting out the factual and legal basis for the motion;**

d. Whether the case is to be tried jury or non-jury and the anticipated length of trial;

e. A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

f. Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

g. Any other matter which you believe should be brought to the court's attention.

## IV.    DISPOSITIVE PRETRIAL MOTIONS

**Before filing any dispositive motion, the party must comply with the Letter Order previously issued setting forth the pre-motion conference requirements.**

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2.c apply.

If there is an administrative record, the parties should file only the relevant portions that they have cited in their briefs. This excerpt must be organized by the parties before it is filed. All pages must be in binders (with rings not to exceed three inches), with the pages numbered consecutively and all cited portions highlighted. The binders must include a table of contents for all exhibits, as well as an index for any deposition transcript.  If the length is not prohibitive, the excerpt of the record also should be filed electronically.

After motions and responses thereto have been filed, I will advise you if a hearing is to be scheduled.

## V.    SEALED MATTERS

Local Rule 105.11 governs the sealing of all documents filed in the record.  This Rule provides:

> Any motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. The Court will not rule upon the motion until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials. Upon termination of the action, sealed materials will be disposed of in accordance with L.R. 113.

Failure to comply with this Rule will result in the denial of the motion to seal.  In addition to compliance with Local Rule 105.11, counsel moving to seal court filings should be guided by the Fourth Circuit's decision in *Doe v. Pub. Citizen*, 749 F.3d 246 (4th Cir. 2014).  All motions to seal should contain direct reference to *Doe* and should include specific factual representations allowing the court to make the requisite findings.

## VI.    STATUS AND PRETRIAL CONFERENCES

I will set a scheduling conference after the status report has been filed.  At the scheduling conference:

    a.  I will set a summary judgment briefing schedule, should either party indicate in the status report that it intends to file a motion for summary judgment;

    b.  I will set a deadline for submitting the pretrial order, motions in limine, proposed voir dire questions and proposed jury instructions;

    c. I will set a pretrial conference date and **a firm trial date (that will not be moved absent compelling circumstances)**; and

    d. I will ask you whether a settlement or other ADR conference with a judicial officer would be useful. Please confer with your client about this matter before the conference so that you are in a position to respond.

## VII.  ATTORNEYS' FEES

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases which are Appendix B to the Local Rules.

## VIII.  COMPLIANCE WITH LOCAL RULES AND CM/ECF PROCEDURES

The court will demand compliance with the Local Rules and CM/ECF procedures. If you need to obtain a copy of the Local Rules or the CM/ECF procedures, they are available on our website at www.mdd.uscourts.gov.  Additionally, all motions and requests that the court issue an order filed in cases before me must include a proposed order.

## IX.  COMPLIANCE WITH PRIVACY PROTECTION RULE

Counsel are reminded that the Federal Rules of Civil Procedure were amended, effective December 1, 2007, with the addition of a new Rule 5.2 which has detailed requirements requiring the redaction of filings with this court that contain an individual's social security number, tax payer identification number, or birth date, the name of an individual known to be a minor, or a financial account number. It is essential that counsel comply with this rule and with the revised version of the Judicial Conference Privacy Policy adopted in March 2008. For further information on the Judicial Conference Privacy Policy, see http://www.mdd.uscourts.gov/news/news/privacy_memo.pdf.

Dated: <u>January 2, 2019</u>                       <u>      /S/      </u>
                                        Paul W. Grimm
                                        United States District Judge