# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LATONYA PYATT,** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. 8:18-cv-3635 |
| **AARONS RENT, INC.,** *et al*. | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER

Aaron's, Inc., ("Aaron's"), by and through counsel, responds to the Amended Complaint filed by Plaintiff, LaTonya Pyatt ("Plaintiff"), and states as follows:

### Preliminary Statement

1. Aarons admits that Plaintiff purports to bring an action under the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA"), and Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"). As to the balance of the allegations in this paragraph, Aaron's denies that it violated the FCRA and denies that Plaintiff is entitled to any damages from or against Aaron's.

### Parties to the Action

2. Aaron's admits that Plaintiff is a natural person but lacks information sufficient to admit or deny the allegation that Plaintiff resides in District Heights, Maryland.

3-4. Aaron's lacks information sufficient to admit or deny the allegations in paragraphs 3 through 4 of the Amended Complaint and therefore denies same.

5. Aaron's admits that it sells and leases furniture, consumer electronics, home appliance and accessories, but is without sufficient information to admit or deny Plaintiff's allegations regarding Aaron's engagement in "specialty retailing", as such term is vague and

ambiguous. Therefore, Aaron's denies the assertions in paragraph 5 of the Amended Complaint regarding specialty retailing.

6. Aaron's lacks sufficient information to admit or deny the allegations in paragraph 6 of the Amended Complaint and therefore denies the same.

7-9. The allegations in paragraphs 7 through 9 of the Complaint constitute legal conclusions to which no response is required.

## Factual Allegations

10-16. Aaron's lacks information sufficient to admit or deny the allegations in paragraphs 10 through 16 of the Amended Complaint and therefore denies same.

17. Aaron's lacks information sufficient to admit or deny the allegations in paragraph 17 with respect to Plaintiff's Trans Union credit report and the information regarding an Aaron's tradeline. The remainder of the allegations in paragraph 17 are denied.

18-19. Aaron's lacks information sufficient to admit or deny the allegations in paragraphs 18 through 19 of the Amended Complaint and therefore denies same.

## Count One: Violation of FDCPA

20. Aaron's reasserts its answers and responses to paragraphs 1 through 19.

21-24. Aaron's lacks information sufficient to admit or deny the allegations in paragraphs 21 through 24 of the Amended Complaint and therefore denies same.

## Count Two: Violations of FCRA, §1681s-2(b)

25. Aaron's reasserts its answers and responses to paragraphs 1 through 24.

26-30. Aaron's lacks information sufficient to admit or deny the allegations in paragraphs 26 through 30 of the Amended Complaint and therefore denies same.

31. Aaron's lacks information sufficient to admit or deny the allegations in paragraph

31 of the Amended Complaint and therefore denies same

32-43. Aaron's lacks information sufficient to admit or deny the allegations in paragraphs 32 through 43 of the Amended Complaint and therefore denies same.

15 U.S.C. §1681s-2(b)(1)(A)&(B)

44. Aaron's reasserts its answers and responses to paragraphs 1 through 43.

45. Aaron's denies the allegations in paragraph 45 as it relates to conduct by Aaron's. Aaron's lacks sufficient information to admit or deny the remainder of the allegations against the co-defendants and therefore denies same.

46. Aaron's denies the allegations in paragraph 46 as it relates to conduct by Aaron's. Aaron's lacks sufficient information to admit or deny the remainder of the allegations against the co-defendants and therefore denies same.

47. Aaron's lack sufficient information to admit or deny the allegations in paragraph 47 of the Amended Complaint and therefore denies same.

48. Aaron's denies the allegations in paragraph 48 of the Amended Complaint.

15 U.S.C. §§1681s-2(b)(1)(C)-(E)

49. Aaron's reasserts its answers and responses to paragraph 1 through 48.

50. Aaron's denies that allegations regarding 15 U.S.C. §§1681s-2(b)(1)(C)-(E) in paragraph 50 are accurate statements of the law. The remainder of the allegations set forth in paragraph 50 are denied.

51. Aaron's denies the allegations in paragraph 51 of the Amended Complaint.

52. Aaron's lacks sufficient information to admit or deny the allegations in paragraph 52 and therefore denies same.

53. Aaron's denies the allegations in paragraph 53 of the Amended Complaint.

54-56. Aaron's lacks information sufficient to admit or deny the allegations in paragraphs 54 through 56 of the Amended Complaint and therefore denies same.

<u>Damages – Negligence and Willfulness</u>

57. Aaron's reasserts its answers and responses in paragraph 1 through 56.

58-59. Aaron's denies the allegations in paragraphs 58 through 59 as it relates to conduct by Aaron's. Aaron's lacks sufficient information to admit or deny the remainder of the allegations against the co-defendants and therefore denies same.

60-61. Aaron's lacks sufficient information to admit or deny the allegations in paragraphs 60 through 61 and therefore denies same.

62-65. Aaron's denies the allegations in paragraphs 62 through 65 as it relates to conduct by Aaron's. Aaron's lacks sufficient information to admit or deny the remainder of the allegations against the co-defendants and therefore denies same.

**Count Three: Violations of FCRA, §§1681e & 1681i**

66. Aaron's reasserts its answers and responses to paragraphs 1 through 65.

<u>15 U.S.C. §1681e(b) – Unreasonable Procedures</u>

67-73. Aaron's lacks sufficient information to admit or deny the allegations in paragraphs 67 through 73 and therefore denies same.

<u>15 U.S.C. §1681e(b) – Unreasonable Procedures</u>

74. Aaron's reasserts its answers and responses to paragraphs 1 through 73.

75-89. Aaron's lacks sufficient information to admit or deny the allegations in paragraphs 75 through 89 and therefore denies same.

**Count Four: Violations of FCRA, 1681g(a)**

90. Aaron's reasserts its answers and responses to paragraphs 1 through 89.

91-97. Aaron's lacks sufficient information to admit or deny the allegations in paragraphs 91 through 97 and therefore denies same.

To the extent required, Aaron's denies the "Wherefore" clause concluding the Amended Complaint to the extent that it asserts that Plaintiff is entitled to recover from Aaron's any actual, statutory or punitive damages or fees, costs, or interest.

## **Affirmative Defenses**

### First Affirmative Defense

Plaintiff's claims against Aaron's must be dismissed because Plaintiff failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because she suffered no damages as a result of Aaron's conduct.

### Third Affirmative Defense

Plaintiff's claims for actual damages are barred to the extent Plaintiff failed to mitigate her damages.

### Fourth Affirmative Defense

Plaintiff's claims are barred by accord and satisfaction.

### Fifth Affirmative Defense

Plaintiff's claims are barred by estoppel.

### Sixth Affirmative Defense

Plaintiff's claims are barred by release.

### Seventh Affirmative Defense

Plaintiff's claims are barred by waiver.

Eighth Affirmative Defense

Plaintiff's claims against Aaron's for punitive damages must be dismissed because Plaintiff failed to plead any facts showing an entitlement to such damages.

Ninth Affirmative Defense

Plaintiff's claims against Aaron's fail to the extent Plaintiff attempts to impose liability on Aaron's for the actions of third parties not under Aaron's control.

Tenth Affirmative Defense

Plaintiff's claims against Aaron's must be dismissed because all actions taken by Aaron's were consistent with the obligations set forth in the Fair Credit Reporting Act.

Eleventh Affirmative Defense

Aaron's reserves the right to rely upon all other defenses that are revealed by further investigation, discovery or the presentation of evidence and reserves the right to file an amended answer or other appropriate pleading as permitted by this Court.

WHEREFORE, for the foregoing reasons, Defendant, Aaron's, Inc. respectfully requests that Plaintiff's Amended Complaint be dismissed with prejudice and that Defendant be awarded its costs and expenses, including reasonable attorney's fees, and all other relief the Court deems appropriate.

Respectfully submitted,

/s/
Imoh E. Akpan, Esq. (Bar No. 1024458)
G. Calvin Awkward, III, Esq. (Bar No. MD18652)
Franklin & Prokopik, P.C.
Two North Charles Street, Suite 600
Baltimore, MD 21201
iakpan@fandpnet.com
cawkward@fandpnet.com
*Attorney for Defendant Aaron's Inc. f/k/a Aaron Rents, Inc.,*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **15th** day of February 2019, a copy of the foregoing Answer was served via the Electronic Court Filing System, (ECF) on: Nathan Daniel Adler, Esq., Neuberger Quinn Gielen Rubin and Gibber PA, One South Street, 27th Fl., Baltimore, MD 21202, *Attorney for Defendant, Equifax Information Services, LLC*; Joshua Ian Hammack, Esq.; Jones Day, 51 Louisiana Avenue, Washington, D.C. 20001, *Attorney for Defendant Experian Information Solutions, Inc.*; Alexander Richard Green, Esq., LeClairRyan, 2318 Mill Road, Suite 1100, Alexandria, VA 22314, *Attorney for Defendant Santander Consumer USA Inc.*; Robert J. Schuckit, Esq., Schuckit & Associates, P.C., 4545 Northwestern Drive, Zionsville, IN 46077, *Attorney for Defendant Trans Union, LLC*; Padraic K. Keane, Esq., Jordan Coyne, LLP, 10509 Judicial Drive, Suite 200, Fairfax, VA 22030, *Attorneys for Defendant NCB Management Services, Inc.*; Edward A. Pennington, Esq., Smith Gambrell & Russell, LLP, 1055 Thomas Jefferson Street, NW, Suite 400, Washington, D.C. 2007, *Attorneys for Defendant Enhanced Recovery Company, LLC*; Kevin Williams, Esq., 9466 Georgia Avenue, Suite 61, Silver Spring, MD 20910, *Attorney for LaTonya Pyatt*.

                                                  /s/
                                  Imoh E. Akpan,
                                  G. Calvin Awkward, III