## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LATONYA PYATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 8:18-cv-03635-PWG |
| | ) |
| SANTANDER CONSUMER USA INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Equifax Information Services LLC ("Equifax"), by Counsel, hereby files its Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as follows:

## INTRODUCTION

Plaintiff alleges in the Amended Complaint that Equifax violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by including an account with NCB Management Services ("NCB") on "credit reports and credit files [it] published and maintained," and by failing to conduct a reasonable reinvestigation of her dispute of that account. (Doc. 37 ¶¶ 67, 76). Plaintiff's Amended Complaint, however, fails because she does not actually plead that the NCB account was factually inaccurate, an essential element of both §§ 1681e(b) and 1681i(a) of the FCRA. Accordingly, Equifax respectfully requests the Court grant its Motion to Dismiss and grant all other relief as the court deems appropriate.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it

fails to state a claim upon which relief can be granted." *Thompson v. Dollar Tree Stores, Inc.*, No. PWG-17-3727, 2019 WL 414881, at *1–2 (D. Md. Feb. 1, 2019) (citing *Velencia v. Drezhlo*, No. RDB–12–237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012)). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

## ARGUMENT AND CITATION TO AUTHORITY

Plaintiff fails to state a claim under the FCRA because she fails to plead a factual "inaccuracy" concerning the NCB account. Plaintiff alleges that Equifax violated the FCRA by allowing "inaccurate" information to appear on her credit report, specifically a collection account with NCB. (Doc. 37 ¶ 14). Plaintiff claims that the NCB collection account was "inaccurate" because the debt "was not collectible due to [original creditor] Standard's failure to provide certain required notices in compliance with [the] CLEC," i.e., the Maryland Credit Grantor Closed End Credit law, Md. Code Ann. 12-1001 et seq. (*Id.* ¶ 15). Plaintiff does not specify which provision(s)

of the CLEC were violated, exactly how those provision(s) were violated, which allegedly required notices were not provided, or when and how the allegedly required notices were to be provided. (*See* Doc. 37). Simply put, Plaintiff's claim that the NCB account is "inaccurate" relies upon an alleged legal defense to the collectability of the account (before it was transferred to NCB); that is, Plaintiff is lodging a collateral attack on the *legal validity* of the debt being reported by NCB.

However, a plethora of courts across the nation have held that CRAs such as Equifax are not obligated, under the FCRA, to delve into the legal validity of the debts reported to them by creditors. *See Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 891 (9th Cir. 2010) ("[C]redit reporting agencies are not tribunals. They simply collect and report information furnished by others. Because CRAs are ill equipped to adjudicate contract disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims.") (citing *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 150 (4th Cir. 2008)); *Wright v. Experian Info. Solutions, Inc.*, 805 F.3d 1232, 1244 (10th Cir. 2015) (CRAs not required to "resolve legal disputes about the validity of the underlying debts they report."). Whether NCB was barred from collecting the debt because of the prior holder's failure to provide certain notices required by the CLEC, "is a question for a court to resolve in a suit against [NCB,] not a job imposed upon consumer reporting agencies by the FCRA." *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008); *see also Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991) (holding that a § 1681i claim "is properly raised when a particular credit report contains a factual deficiency or error that could have been remedied by uncovering additional facts that provide a more accurate

4831-1556-7496, v. 1

representation") (emphasis in original).[1]

Simply put, Plaintiff has failed to plead an actual, *factual* inaccuracy with regard to the NCB account. Accuracy is an essential element of a cause of action under both §§ 1681e(b) and

---

[1] In addition to these appellate decisions, *see also, e.g.*, *Thomas v. Hyundai Capital America*, 2018 WL 4899074, at *4 (D. Colo. Oct. 9, 2018) ("For the Equifax Defendants to have found that the information provided by Defendant HMF was inaccurate, they would have had to determine that Plaintiff did not owe the Fees claimed by Defendant HMF under their contract. Resolving the contract dispute is something that the Equifax Defendants were not equipped or required by law to do."); *Pembroke v. Trans Union LLC*, 2017 WL 6463254, at *5 (D. Colo. Dec. 19, 2017) ("Mr. Pembroke's legal disputes . . . are not disputes that the CRA Defendants are required or equipped to resolve in the first instance. Mr. Pembroke's contentions that they do so amount to nothing more than a collateral attack on the legal validity of his debt."); *Jones v. Penn. Higher Ed. Assist. Agnc'y*, 2017 WL 4594078, at *5 (C.D. Cal. July 24, 2017) ("Here, as in *DeAndrade*, Plaintiff collaterally attacks the 2002 loan's legal validity—by arguing that it is not her responsibility per the 2002 divorce judgment—through the FCRA and related claims, rather than pinpoints a factual inaccuracy Defendant should have detected in Plaintiff's credit reports."); *Pagazani v. Equifax Info. Servs. LLC*, 2016 WL 2997586, at *6 ("Ultimately, Equifax could not have resolved Pagazani's legal dispute with BOA through a reasonable reinvestigation, pursuant to sections 1681e(b) and i(a). This is the only pertinent inquiry at this stage. Accordingly, Plaintiff's FCRA claims cannot survive Defendant's Motion.") (citation omitted); *Brill v. Trans Union LLC*, 2015 WL 9095103, at *3 (W.D. Wis. Dec. 16, 2015) ("As Trans Union notes, federal courts consistently hold that the FCRA does not impose a duty on credit reporting agencies to verify the validity of the underlying debt when conducting reinvestigations."); *Prianto v. Experian Info. Solutions, Inc.*, 2014 WL 3381578, at *7 (N.D. Cal. July 10, 2014) ("Plaintiff does not argue that Experian's reporting of his section 580b debt is facially inaccurate. Instead, Plaintiff attacks the latent accuracy of the debt because, while it is technically accurate, he contends that Experian's reporting of the debt's existence without explaining that it is subject to section 580b's anti-deficiency bar is materially misleading. The Ninth Circuit's reasoning in *Carvalho* compels the Court to find that Plaintiff's claims against Experian under this materially misleading theory fail as a matter of law."); *Omar v. Experian Info. Solutions, Inc.*, 2012 WL 2930778, at *6-8 (S.D. Ind. July 18, 2012) ("Mr. Omar effectively asks Experian to make a legal determination about the validity of the debt flowing from his lease with Williamsburg Way. . . . However, Mr. Omar's quarrel is directed towards the wrong party. Rather than addressing this issue directly with Experian, Mr. Omar should have remedied the situation with Williamsburg Way or NCS."); *Fashakin v. Nextel Communications*, 2009 WL 790350, at *11 (E.D.N.Y. Mar. 25, 2009) ("[P]laintiff's dispute of the debt turned on a collateral attack on the validity of the debt that could only be resolved with [the data furnisher] . . . ."); *Wadley v. Experian Info. Solutions, Inc.*, 396 F. Supp. 2d 677, 679-80 (E.D. Va. 2005) (granting motion for summary judgment where plaintiff was "attempting to collaterally attack the basis of accurately reported information" in his credit file by arguing that he was not obligated to pay a car loan because the car was defective).

1681i(a) of the FCRA. The United States Court of Appeals for the Fourth Circuit has interpreted § 1681e(b) to include an inaccuracy requirement, and a plaintiff must show both "(1) the consumer report contained inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). Further, "although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts . . . have imposed such a requirement." *Carvalho*, 629 F.3d at 890 (collecting cases). Courts in the Fourth Circuit are no exception. *See Alston v. Equifax Info Servs. LLC*, No. 13-cv-1230, 2016 WL 5231708, at *7 (D. Md. Sept. 21, 2016) (collecting cases). As set forth above, Plaintiff does not plead an actual, *factual* inaccuracy with respect to the NCB account. As her §§ 1681e(b) and 1681i(a) claims against Equifax are premised solely on her allegation that the NCB account was inaccurately reporting, her claims against Equifax should be dismissed.

## CONCLUSION

For the reasons discussed here, Equifax respectfully requests the Court grant its Motion to Dismiss and grant all other relief as the court deems appropriate.

Respectfully submitted this 15th day of February, 2019.

> */s/ Nathan D. Adler*
> Nathan Daniel Adler, Esq.
> Bar No: 22645
> Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
> One South Street, 27th Floor
> Baltimore, Maryland 21202-3201
> (410) 332-8516
> (410) 332-8517 - Fax
> nda@nqgrg.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of February, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system:

Kevin Charles Williams
Law Office of Kevin Williams
8025 13th Street
Suite 107
Silver Spring
Silver Spring, MD 20910

Robert J. Schuckit
Scott E Brady
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077

Imoh Emmanuel Akpan
George Calvin Awkward, III
Franklin and Prokopik PC
Two N Charles St Ste 600
Baltimore, MD 21201

Alexander Richard Green
LeClairRyan
2318 Mill Road
Suite 1100
Alexandria, VA 22314

Edward A Pennington
Smith Gambrell and Russell LLP
1055 Thomas Jefferson St NW Ste 400
Washington, DC 20007

                                                      */s/ Nathan D. Adler*
                                                      Nathan Daniel Adler

4831-1556-7496, v. 1