LAW OFFICE OF **KEVIN WILLIAMS, LLC**

8025 13th St, #107 • Silver Spring, MD 20910 • P: 301.399.1700 • F: 240.252.3036

kevin@kwesq.com

February 19, 2019

**VIA ECF**

Hon. Paul W. Grimm
U.S. District Judge
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    Pyatt v. Santander Consumer USA Inc.
             Case 8:18-cv-03635-PWG

Dear Judge Grimm:

Pursuant to your Letter Order, entered in the above-referenced case on November 28, 2018, on behalf of Plaintiff Latonya Pyatt, I respectfully submit this request for a pre-motion conference to discuss Plaintiff's intention to file a Motion for Leave to File a Second Amended Complaint ("Motion").

The Amended Complaint requires further amendments because the allegations against Defendant Equifax for its violations relating to the Santander tradeline are not well-pled. While it was not immediately clear to undersigned counsel, it has become apparent that Equifax is under the impression that the Amended Complaint does not allege violations against it for its reporting and investigation of the Santander tradeline. Thus, the primary purpose of Plaintiff's proposed Second Amended Complaint is to clarify and enhance her factual and legal allegations against the defendant Equifax for its reporting and reinvestigation of the Santander tradeline.

Based on the scheduling order issued by this Court on January 2, 2019, the deadline for Plaintiff to amend her pleadings is February 19, 2019.[1] According to the Letter Order, Plaintiff must file her pre-motion letter by the deadline for the Motion. On February 11, 2019, I sought the consent of Defendant Equifax to file the proposed Motion. On February 14, 2019, Equifax stated it would not consent to the Motion.

Fed. R. Civ. P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The plaintiff should be "given every opportunity to cure a formal defect in his pleading." *Lacy v. National R.R. Passenger Corp.*, 2014 WL 6967957, *4 (D. Md. Dec. 8, 2014) quoting *Ostrzenski v. Seigel,* 177 F.3d 245, 252–53 (4th Cir.1999). "Pleading is not a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the

---

[1] The scheduling order states the deadline is February 18, 2019, however, that day is a holiday, so the deadline is February 19, 2019. *See* Fed. R. Civ. P. 6(a)(1)(C).

purpose of pleading is to facilitate a proper decision on the merits." *Roberson v. Ginnie Mae REMIC Trust 2010 H01*, 973 F.Supp.2d 585, fn. 4 (D. Md. 2013) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, fn. 4 (4th Cir. 1993) (quoting *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957))).

Because the proposed Second Amended Complaint will add factual allegations that clarify Plaintiff's claims relating to the Santander tradeline and address defendants Equifax's and Trans Union's collateral attack concerns;[2] the amendment does not constitute bad faith, will not prejudice the defendants and is not futile.[3] *See Laber*, 438 F.3d at 426-27 ("leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.") (citations omitted).

Additionally, the Plaintiff's Second Amended Complaint will supplement the complaint with new facts that occurred after the initial filing of this action. Rule 15(d) governs subsequent pleadings that seek to add "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." On or about December 24, 2018, Plaintiff sent dispute letters to Equifax, Experian and Trans Union that were received on January 4, 2019, December 29, 2018 and December 28, 2018, respectively. Presumably, the CRAs forwarded the dispute to the NCB, Santander and Aaron's for investigation. Defendants deadline to respond to the disputes were between January 27 to February 3, 2019. Even after allowing three or more days for Plaintiff to receive the response—written dispute results—the Plaintiff only received a response from counsel representing Trans Union. Being that Plaintiff's First Amendment Complaint was due by January 31, 2019, it was too early to include the alleged violations for the December 24th dispute letters because Plaintiff was still waiting to see if the CRAs would provide a response.

For the foregoing reasons, Plaintiff respectfully requests that this Court toll the time for Plaintiff to amend her pleadings, and promptly schedule a telephonic Pre-Motion Conference with all relevant parties. Undersigned counsel is available at the Court's convenience, with the exception of March 7 (11:30 a.m. – 6 p.m.); March 11 (9 a.m. – noon); March 25 (9 a.m. – noon).

Sincerely,

*[signature]*

Kevin C. Williams

---

[2] In out-of-court communications with Trans Union's counsel, the issue of collateral attack has been raised.

[3] Nothing about this Motion even hints at bad faith. The amended complaint is not futile because the amended allegations state a claim. *Roberson*, 973 F.Supp.2d at fn. 4 ("dismissal with prejudice is [only] proper if there is no set of facts the plaintiff could present to support his claim"). And at this early stage of the proceedings, it is highly unlikely that "the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part." *Laber*, 438 F.3d at 427

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system:

Alexander Richard Green
LeClairRyan
2318 Mill Road
Suite 1100
Alexandria, VA 22314
Email: alexander.green@leclairryan.com

Padraic Kevin Keane
Jordan Coyne LLP
10509 Judicial Dr
Ste 200
Fairfax, VA 22030
Email: p.keane@jocs-law.com

Smith Gambrell and Russell LLP
1055 Thomas Jefferson St NW Ste 400
Washington, DC 20007
Email: epennington@sgrlaw.com

Imoh Emmanuel Akpan
Franklin and Prokopik PC
Two N Charles St Ste 600
Baltimore, MD 21201
Email: iakpan@fandpnet.com

George Calvin Awkward , III
Franklin & Prokopik, P.C.
2 N. Charles Street, Suite 600
Baltimore, MD 21201
Email: cawkward@fandpnet.com

Nathan Daniel Adler
Neuberger Quinn Gielen Rubin and Gibber PA
One South St 27th Fl
Baltimore, MD 21202
Email: nda@nqgrg.com

Scott E Brady
Schuckit and Associates PC

4545 Northwestern Dr
Zionsville, IN 46077
Email: sbrady@schuckitlaw.com

Robert J. Schuckit
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Email: rschuckit@schuckitlaw.com

Joshua Ian Hammack
Jones Day
51 Louisiana Avenue
Washington, VA 20001
Email: jhammack@jonesday.com

/s/ Kevin Williams_____
Kevin Williams, Esq.