LAW OFFICE OF **KEVIN WILLIAMS, LLC**

8403 Colesville Road, Ste 1100 • Silver Spring, MD 20910 • P: 301.399.1700 • F: 240.252.3036
kevin@kwesquire.com

April 15, 2019

**VIA ECF**
Hon. Paul W. Grimm
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

      Re:    Pyatt v. Santander Consumer USA Inc. - Case 8:18-cv-03635-PWG

Dear Judge Grimm:

      Pursuant to your Letter Order, entered in the above-referenced case on November 28, 2018, on behalf of Plaintiff Latonya Pyatt, I respectfully submit this request for a pre-motion conference to discuss Plaintiff's intention to file a Motion to Strike NCB's Affirmative Defenses ("Motion").

      Under Fed. R. Civ. P. 12(f), Plaintiff may seek to strike affirmative defenses if they are factually unsupported or baseless. Bradshaw v. Hilco Receivables, LLC, 725 F.Supp.2d 532, 536–37 (D. Md. 2010) (Bennett, J., striking affirmative defenses unsupported by facts and insufficient in law).[1] Plaintiff should not be required to waste discovery requests to obtain the factual basis for NCB's affirmative defenses, when NCB is required under Bell Atlantic Corp. v. Twombly, 440 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) to pled the factual basis to its affirmative defense. Id. at 536 (striking affirmative defense in order "to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial). NCB asserted eight affirmative defenses, however, NCB did not pled a single fact to support any of them. NCB's affirmative defenses should be stricken or NCB must amend its Answer to pled factual support for its defenses or remove the defenses.

      Sincerely,

      /s/ Kevin Williams
      Kevin Williams

---

[1] Several other judges in this District have also stricken affirmative defenses which were not sufficiently pled See, e.g. Barnes v. NCC Business Services, Inc., 2018 WL 5634018 (D. Md. Oct. 31, 2018); Alston v. Transunion, 2017 WL 464369 (D. Md. Feb. 1, 2017) (Hazel, J., striking unsupported defenses); Ulyssix Techs., Inc. v. Orbital Network Eng'g, Inc., 2011 WL 631145, at *14 (D. Md. Feb. 11, 2011) (Hollander, J., striking affirmative defenses unsupported by facts); Topline Solutions, Inc. v. Sandler Sys., Inc., 2010 WL 2998836, at *1 (D. Md. July 27, 2010) (Legg, J., striking affirmative defenses unsupported by facts); Malibu Media, LLC v. Doe, 2015 WL 1402286 (D. Md. Mar. 25, 2015)(Titus, J., striking insufficient defenses); Alston v. Equifax Information Services, LLC, 2014 WL 580148 (D. Md. Feb. 11, 2014) (Russell, J., striking unsupported defenses).